OPINION of the Court, by
Judge Clark
This was aa action of covenant, brought by Frowman, as as-signee of Nathan Mayo, against Bowman, on an arti-cie of'agreement entered into by Mayo of the one part, and Bowman of the other. The article contains reciprocal covenants ; those on the part of Bowman are for live hundred acres of land, in the Illinois grant, mul-dling farming land, known by number 237. This article of agreement was, on the 27th of December 1805, assigned by Mayo to Frowman, who brought his action as assignee, and recovered judgment; to which Bowman prosecutes this writ of error.
The first and most important question growing out of this cause, is, whether the writing upon which suit was brought is of the description made assignable by law, so as to authorise a suit in th. '■amr of the as-signee. By the rules of the common law, this article would not have been assignable, and if so at all, must depend upon our act of 1798, authorising the assign-resent of bonds, &c. That act declares that all bonds* bills and promissory sotes, whether for money or property, shall be assignable, and it shall and may be lawful for the assignee of any such bond, bill or note, to sue for the same, in the same manner the original obli-gee or payee might or could do. It is clear the instrument of writing upon which this suit is brought does not come within any of the classes of contracts made as-by the act. Those expressly declared assignable, have in law a precise and definite meaning, too widely differing from the one under consideration to believe the legislature intended it should be embraced under any of the description of cases mentioned in the act. And this idea is considerably strengthened by comparing the act of 1798 with that of 1796, the first act of our own legislature upon that subject, which makes all bonds, bills, notes of hand, and promissory notes, and all other writings whatsoever, assignable. This act is repealed by the act of ’98 ; and the legislature, with this act in view, have dropped its general expressions and confined the subsequent act to bonds, bills and promissory notes alone. There is no rule is *234 the construction of statutes that will justify the court itt extending the act of 1798 to articles of agreement containing reciprocal covenants. For when the act particularly designates the kind of contracts that may be assigned, it certainly negatives the idea that the legislature intended to make other instruments, of different species from those mentioned, assignable.
It is therefore considered by the court (Judge Lo-sax dissenting) that the judgment of the said circuit court be reves sed, and the vej-dict of the jury set aside ⅞ that the cause he remanded to stud court, with directions to dismiss the suit, Skc.